### SMITH v. WAGNER.

(City Court of New York, General Term. February 8, 1894.)

ASSIGNMENT FOR BENEFIT OF CREDITORS — LIABILITY OF ASSIGNEE FOR RENT.
Where the assignee takes possession of premises leased to the assignor, and occupies the same with the lessor's consent, he is liable for rent.

Appeal from trial term.

Action by Harlan P. Smith against Peter Wagner. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

For former report, see 23 N. Y. Supp. 812.

The action was brought to recover the sum of $150 for the rent of the first floor and basement of the premises known as No. 874 Eighth avenue, in the city of New York, for the months of March and April, 1892. The premises had been leased by plaintiff to the firm of Chatfield Bros. The lease expired May 1, 1892. The rent was $75 per month, payable in advance, on the first day of each month. Chatfield Bros. occupied said premises from May 1, 1891, to October, 1891, and paid the rent to November 1, 1891. In October, 1891, the firm of Chatfield Bros. made a general assignment of their property for the benefit of their creditors to defendant, who accepted the assigneeship, and entered upon its duties. He took possession of said premises, and of the assigned goods and property, in October, 1891; put a man in possession of the premises, and continued in possession thereof until the 1st of May, 1892. In April defendant sold the assigned goods on the premises at auction. The defendant paid the rent of the premises, $75, for the month of November, 1891. The rent for the months of December, 1891, and January and February, 1892, was paid by Thomas B. Chatfield under an agreement between him and the defendant, Wagner.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

William Allen, for appellant.
S. V. R. Cooper, for respondent.

FITZSIMONS, J. The plaintiff herein certainly was entitled to judgment herein for the April, 1892, rent, amounting to $75. Because of defendant's answer as to the rent for the month of March he is also entitled to it, for it appears that in November, 1891, he received rent for that month from defendant, and that defendant remained in possession of the store with the landlord's consent until May 1, 1893. This agreement created between the plaintiff and defendant the relation of landlord and tenant, and made defendant liable to plaintiff for the reasonable value of the premises occupied by him, which the testimony shows is $75 for the April month. Judgment is therefore affirmed, with costs. All concur.